UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

CHARLES J. BROWN,

   Plaintiff,

v.               Case No.  13-2002

HOUSING AUTHORITY CHAMPAIGN,
DEJWAN GREEN, LILLY SEALS,
AND JOHN DAILY,

   Defendants.

REPORT AND RECOMMENDATION

  In January 2013, Plaintiff Charles Brown, acting *pro se*, filed a Complaint (#1) against Defendants Housing Authority Champaign, Dejwan Green, Lilly Seals, and John Daily.  In February 2013, Defendants Housing Authority of Champaign County (HACC, incorrectly named as Housing Authority Champaign) and John Daily (Dailey) filed a Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (#13).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (**#13**) be **GRANTED**.

I.  Background

  Plaintiff's complaint characterizes his suit as one against state officials for constitutional violations pursuant to 42 U.S.C. § 1983 (section 1983).  Plaintiff alleges in his complaint that Defendant Green assaulted him with a firearm, injuring Plaintiff to the extent that he required major surgery.  He alleges that he was shot several times in his back, shoulders, and left leg; he experienced cardiac arrest; and he now suffers from post-traumatic stress disorder as a result of the assault.  Plaintiff sued Defendant Seals because she knew Mr. Green was living in her home and had a firearm which violated HACC policy.  In addition, Plaintiff alleges that Ms. Seals concealed the fact that Mr. Green had shot Plaintiff until she was threatened by a detective.

Regarding Defendants HACC and Dailey, Plaintiff alleges that Mr. Dailey, a supervisor or director at HACC, failed to do anything about the fact that Mr. Green was staying at Ms. Seals' home and had a firearm there. Plaintiff states in his complaint that if the HACC had performed proper inspections and background checks, Plaintiff would not have been injured. Because HACC and John Dailey were "paying the rent" (Complaint, #1, p. 6) for Ms. Seals and Mr. Green, they should be held accountable for the actions of Ms. Seals and Mr. Green.

## II. Standards Governing Motions To Dismiss

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint; it does not decide the merits of the claims. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the Court treats all well-pleaded allegations in the complaint as true and grants all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain enough factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* The plausibility standard is not the same as a probability requirement, but it requires more than a mere possibility that a defendant has acted unlawfully. *Id.*; *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (stating that the plaintiff must provide fair notice of the claim and the facts alleged must plausibly suggest that the plaintiff is entitled to relief, "raising that possibility above a 'speculative level'.") (quoting *Bell Atl.*, 550 U.S. at 595, n.14).

In assessing the sufficiency of a *pro se* complaint, the Court will construe it liberally in favor of the plaintiff. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that courts should hold allegations of a *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers"). "The essence of liberal

construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson*, 148 F.3d at 864. Nevertheless, the Court is not required to accept as true a legal conclusion presented as a factual allegation. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008).

### III.  Analysis
### A. Motion To Dismiss

Defendants argue that the Court should dismiss the claims against them because (1) the complaint does not allege a deprivation of Plaintiff's constitutional rights, (2) the complaint does not allege that HACC or Dailey acted under color of state law, and (3) a government's failure to protect an individual against private violence does not violate the Constitution.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States, and (2) the defendant acted under color of state law." *Stevens v. Umsted*, 131 F.3d 697, 700 (7th Cir. 1997) (quoting *Reed v. City of Chi.*, 77 F.2d 1049, 1051 (7th Cir. 1996)). Section 1983 does not create any substantive rights, but instead was designed to provide a vehicle to remedy violations of statutory and constitutional rights. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Therefore, Plaintiff's section 1983 claim must at least imply a deprivation of a right guaranteed to him by the United States Constitution.

Defendants argue that Plaintiff's complaint does not allege a deprivation of Plaintiff's constitutional rights. The central case defining government liability under the United States Constitution for acts committed against individuals by private actors is *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). In *DeShaney*, the Supreme Court made clear that the Fourteenth Amendment does not require the government to prevent private citizens from harming each other. "[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." *Id.* at 195. "Its purpose was to protect the people from the State, not to ensure that the State protected them from each other." *Id.* at 196. The Supreme Court stated that "[a]s a

general matter . . . we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."[1] *Id*. at 197.

Here, Plaintiff alleged that his injuries occurred because Defendant Green shot him. Thus, his injury was caused by the action of a private individual. As to Defendants HACC and Dailey, Plaintiff contends that they should be liable for Mr. Green's conduct because they failed to act. Because HACC and Dailey are not liable under the Constitution for acts of a private individual, Plaintiff's complaint fails to allege that HACC or Dailey deprived Plaintiff of his constitutional rights.[2] Accordingly, the Court recommends dismissing the claims against HACC and Dailey.

### B. Plaintiff's Request To Amend

In his response, Plaintiff asks the Court to allow him to amend his complaint because he is acting *pro se*. Although the Court construes *pro se* complaints liberally and allows ample opportunity for amending the complaint when it appears that by doing so the *pro se* litigant would be able to state a meritorious claim (*Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006)), that is not the case here.[3] Accordingly, the Court recommends dismissing the claims against Defendants HACC and Dailey without prejudice to Plaintiff filing state claims in state court.

### IV. Summary

For the reasons explained above, the Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P.

---

[1] In *DeShaney*, the Supreme Court recognized two circumstances in which a state would have an affirmative constitutional duty to protect private citizens from each other. These two exceptions are (1) when a state takes a person into "custody," confining him against his will, and (2) when the state creates the danger or renders a person more vulnerable to an existing danger. *DeShaney v. Winnebago Co. Dep't of Soc. Servs.*, 489 U.S. 189, 198-201 (1989). Neither of those exceptions apply here.

[2] Furthermore, the Court notes that Plaintiff explained in his response to the motion to dismiss that Defendants HACC and Dailey should be held responsible for their *negligence* in failing to adequately inspect or conduct background checks. Negligence or even gross negligence does not give rise to liability under section 1983 in these circumstances. *See, e.g., Lewis v. Anderson*, 308 F.3d 768, 773 (7th Cir. 2002).

[3] The Court notes that dismissal of this case does not preclude Plaintiff from filing another suit if he has new claims.

12(b)(6) (**#13**) be **GRANTED** and that the claims against Defendants HACC and Dailey be dismissed.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 24th day of June, 2013.

                                                s/DAVID G. BERNTHAL
                                         UNITED STATES MAGISTRATE JUDGE