E-FILED
Tuesday, 16 July, 2013  03:20:08 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CHARLES J. BROWN,           ) | |
|     Plaintiff,           ) | Case No. 13-2002 |
|                ) | |
| v.           ) | |
|                ) | |
| HOUSING AUTHORITY CHAMPAIGN, ) | |
| DEJWAN GREEN, LILLY SEALS,   ) | |
| AND JOHN DAILY,              ) | |
|     Defendants.           ) | |

**ORDER**

On January 2, 2013, Plaintiff filed his Complaint (#1) against Defendants Housing Authority of Champaign County (HACC; incorrectly designated as Housing Authority Champaign), Dejwan Green, Lilly Seals, and John Daily. Plaintiff alleges that Defendant Green assaulted him with a firearm, causing injury. Plaintiff alleges that Defendant Seals knew that Defendant Green had attacked him, but she had concealed that information. Plaintiff apparently alleges, although his complaint does not clearly state, either that Defendants Daily and HACC breached their duty to inspect and investigate guests of tenants residing in properties managed by Defendants, or that they breached their duty to protect Plaintiff from Defendant Green.

On February 27, 2013, Defendants HACC and John Daily filed a Motion to Dismiss (#13). On June 24, 2013, Magistrate Judge David G. Bernthal entered a Report and Recommendation (#28). Objections to the Report and Recommendation were due by July 11, 2013. No objection was timely filed within fourteen days after being served with a copy, as allowed by 28 U.S.C. § 636(b)(1). All parties have therefore waived any objection. This court

therefore agrees with Judge Bernthal's thorough and well-supported analysis recommending that the Motion to Dismiss (#13) should be granted. Accordingly, those recommendations are accepted by this court. Defendants Daily and HACC are DISMISSED.

Further, a district court may decline to exercise supplemental jurisdiction over a state law claim where: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially dominates the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances where there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Because all of Plaintiff's claims providing original federal subject-matter jurisdiction have been dismissed, and because Plaintiff has failed to state any facts providing independent subject-matter jurisdiction over his claims against Seals and Green, this court declines to exercise supplemental jurisdiction over Plaintiff's claims against Seals and Green. This court also notes that diversity jurisdiction does not appear to exist as all parties appear to be citizens of Illinois.[1]

As the Report and Recommendation notes, dismissal of this case does not preclude Plaintiff from refiling if he has new claims against Defendants HACC or Daily, or if he can demonstrate that this court has subject-matter jurisdiction over his claims against Defendants Seals and Green.

IT IS THEREFORE ORDERED THAT:

---

[1] This court further notes that although summons for Defendant Seals were returned as executed at her address in Champaign, IL, Defendant Green has not yet been served despite the U.S. Marshals Service having made two attempts to do so. (#8, #22). The summons remark indicates that the U.S. Marshal attempting service of process "was informed [Defendant Green] now lives in Forrest Park, IL".

(1) The Report and Recommendation (#28) is ACCEPTED.

(2) The Motion to Dismiss (#13) filed by Defendants HACC and Daily is GRANTED. HACC and John Daily are terminated as Defendants in this action.

(3) This case is DISMISSED without prejudice for lack of subject-matter jurisdiction. Plaintiff is permitted to refile his claim against Defendants Seals and Green in this court if he pleads sufficient facts giving rise to subject-matter jurisdiction, or he may also refile those claims in state court.

(4) Plaintiff's Motions for Default Judgment (#25, #27) are terminated for lack of subject-matter jurisdiction.

(5) This case is terminated.

ENTERED this 16th day July, of 2013.

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE